NEGRONI, ADMINISTRADOR JUDICIAL, ETC., DEMANDANTE Y APELANTE, *v.* LUCHETTI, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre reivindicación de fincas rústicas con sus frutos y rentas.

No. 1421.—Resuelto en mayo 31, 1916.

BIENES GANANCIALES—COSECHAS PENDIENTES—HERENCIA—REIVINDICACIÓN.—Las cosechas pendientes de una finca adquirida por un heredero casado al hacerse la división de los bienes, son bienes gananciales; y el pago de una deuda que afecte a todos los bienes del causante verificado por la sociedad conyugal con el producto de las referidas cosechas pendientes, crea un derecho a favor de dicha sociedad y contra los bienes de dicho heredero casado, pero no procede la acción reivindicatoria por el administrador de los bienes del marido o esposa contra un subsiguiente comprador de dichos bienes para recobrar, basada en tal derecho.

ID.—BIENES PRIVATIVOS—COMPRAVENTA.—La propiedad comprada por un heredero casado a los co-herederos es ganancial, y las razones consignadas en las escrituras de traspaso con las cuales haya estado conforme el otro cónyuge no le cambiaría su naturaleza de ganancial, pues las autoridades son claras en cuanto a que las declaraciones hechas por dicho cónyuge entonces no constituyen prueba del carácter privativo de la propiedad.

ID.—ID.—TRASPASO—IMPEDIMENTO O ESTOPPEL.—Ya que el acto del marido en consentir los traspasos hechos por su esposa sea una ratificación del acto de la esposa, o que por ello esté impedido de poder alegar cualquier título, el resultado es el mismo y está obligado por dicho consentimiento. Si la propiedad aparece a nombre de la esposa y el marido está conforme en que la traspase, es eficaz dicho traspaso, fuere o no ella el único dueño.

ID.—ID.—ADMINISTRADOR JUDICIAL.—No existe teoría alguna en la ley por virtud

de la cual el administrador de dos sucesiones separadas pueda unir estas dos represéntaciones de modo que quede convertido en representante de la sociedad conyugal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogado del apelado: *Sr. Antonio F. Castro.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una acción establecida por Pablo Negroni Lluberas, como administrador judicial de los bienes de Don Antonio Negroni y Doña Francisca Lluberas. Antonio Negroni y Francisca Lluberas se encontraban casados al comienzo de las adquisiciones y traspasos de los bienes a que se refiere este pleito.

Estando casada Francisca Lluberas adquirió parte de una finca por herencia de su madre. Ella era uno de los cuatro herederos y en la adjudicación y partición le fué adjudicada una cuarta parte de todos los bienes, sujeta al pago por dichos herederos de la suma de $6,199.24 a su padre procedente del caudal común. El caudal hereditario ascendía a $89,090. La participación de los cuatro herederos era de $82,890.76, de modo que quedó como deuda para con el padre de dichos herederos, la suma de $6,199.24, a que hemos hecho referencia. Se convino en que esta suma debía ser satisfecha con el producto de las cosechas de la totalidad de los bienes. En realidad de verdad la deuda fué pagada con dichas cosechas alegando, por tanto, el apelante, que $1,500 de dicha deuda satisfecha por Francisca Lluberas, eran bienes gananciales a los que tenían derecho las sucesiones que representa el apelante. Sostiene el apelado que como estos frutos estaban pendientes a la fecha de la. división de los bienes, no podían reputarse gananciales, pero como fueron adquiridos por los esposos constante su matrimonio, nos inclinamos a convenir con el apelante en que el dicho derecho a los frutos pendientes en realidad de verdad era ganancial. En el alegato del apelante se supone al parecer, que la finca de la cual adquirió Francisca Lluberas una cuarta parte fué

recibida en parte por compra de la porción perteneciente a su padre; en otras palabras, que su participación de una cuarta parte en la propiedad la recibió en parte directamente y parte por compra. Parece, sin embargo, que como el total de los $6,000 de referencia era una deuda contra los bienes comunes, ella adquirió su finca de modo directo, sujeta a una obligación a favor de su padre; en otras palabras, que había un gravamen sobre los bienes que fué satisfecho por los esposos con los frutos pendientes por el que la sociedad conyugal tenía una reclamación contra los bienes o finca de Francisca Lluberas. Creemos, por consiguiente, que ni el administrador de los bienes del marido, por no decir nada del administrador de los bienes de la misma Francisca Lluberas, tenía ningún derecho a establecer una acción reivindicatoria contra el comprador de los bienes de Francisca Lluberas. El apelado en este caso adquirió por compras sucesivas cualquier derecho que tuviera originalmente Francisca Lluberas en los bienes de su madre, y se le demanda en reivindicación para recobrar dicho derecho.

Poco tiempo después de su adquisición por herencia de la porción de una cuarta parte de los bienes de su madre, Francisca Lluberas compró dos cuartas partes de dichos bienes a otros miembros de su familia. Estaba todavía casada con Don Antonio Negroni. Convenimos con el apelante en que por razón de dicho matrimonio debe presumirse que estas adquisiciones son gananciales y que ninguna de las declaraciones hechas en las escrituras de compraventa, con las que aparentemente estuvo conforme el marido, podría cambiarles su carácter de gananciales. Las autoridades son claras al decir que las declaraciones hechas entonces por el marido, no constituyen la prueba del carácter particular de los bienes adquiridos.

Sin embargo, subsiguientemente Francisca Lluberas vendió a Don Francisco Antonio Negroni Lluberas en pago de una hipoteca dichas dos cuartas partes las que Francisco

Negroni a su vez vendió a Francisco Lluch Negroni. Todos los traspasos a que nos referimos y referiremos fueron inscritos en el registro de la propiedad.

El esposo de Francisca Lluberas compareció en la escritura de venta otorgada por la esposa a favor de Francisco Negroni Lluberas y prestó su consentimiento al traspaso.

En otros varios documentos otorgados hacia la misma fecha, el referido esposo consintió a su susodicha esposa contratar a nombre propio para efectuar la hipoteca que existía sobre dicha finca. Es cierto, como alega el apelante, que en todas estas transacciones se dió por cierto que la finca pertenecía a los bienes privativos de la esposa, pero creemos que el marido quedó absolutamente obligado por ellas. Ya que su acto de consentir en estos traspasos fuera una ratificación del acto de su esposa, o que estuviera él impedido (*estopped*) para poder alegar cualquier título por razón de sus actos, el resultado es exactamente el mismo. Y el caso no podía variar aun cuando los bienes fueran gananciales y estuviera él consintiendo en su traspaso en la creencia errónea de que eran bienes privativos de la esposa. Se presumía que él conocía la ley. Es muy frecuente en un matrimonio poner a nombre de la esposa bienes que realmente son gananciales, y las partes tienen el mismo derecho a venderlos en esa forma; en otras palabras, si en el registro de la propiedad, u otra parte aparece un título a nombre de la esposa y el marido consiente en que haga ésta un traspaso del mismo, el traspaso es perfectamente válido ya sea o no ella en realidad el único dueño de dichos bienes.

Después de la muerte de su esposo, la referida Francisca Lluberas vendió su primitiva participación de una cuarta parte al mencionado Lluch quien por ese medio vino a ser poseedor de las tres cuartas partes de dicha propiedad. El adquirió la otra cuarta parte del otro heredero por compra directa y vendió su totalidad a Mateo Luchetti, demandado y apelado en este caso. Si estuvo en lo correcto el apelante

en su teoría de que Lluch no adquirió los bienes de los esposos, que se presume son gananciales, convenimos con él en que Mateo Luchetti no podía ser considerado como tercero por razón de las manifestaciones hechas en las escrituras por las cuales adquirió su título Francisca Lluberas. Nos inclinamos, sin embargo, a creer que cuando el marido compareció y consintió en el traspaso de dichos bienes por la esposa, Mateo Luchetti podía ser considerado como tal tercero. La cuestión de si Mateo Luchetti en este respecto era o no tercero, no tiene importancia relativamente porque el título de su causante era válido por las mismas razones que harían que Mateo fuera considerado como tercero.

Convenimos, sin embargo, con el apelado en que Mateo Luchetti en caso de alguna duda respecto al carácter ganancial de cualquier parte de los bienes adquiridos por él, tenía un título adquirido por prescripción ordinaria de diez años. Todos los bienes en cuestión fueron adquiridos por Lluch hacia el año 1885. Los traspasos hechos por la esposa dieron al comprador un título aparente o justo.

La corte inferior insistió algo en el hecho de que el administrador no tenía derecho a establecer una acción reivindicatoria porque ninguna de las sucesiones de Francisca Lluberas o de Antonio Negroni jamás había sido liquidada. El apelante estaría dispuesto a admitir esto si esta acción hubiera sido establecida por el administrador de los bienes del marido contra los herederos de los bienes de la esposa, pero sostiene que la cuestión es distinta cuando la misma persona ha obtenido la administración de ambas sucesiones, la del marido y la de la esposa, tratando así de distinguir el presente caso del de *Trinidad* v. *Trinidad,* 19 D. P. R. 647 y otros similares. No conocemos ninguna teoría legal por la cual el administrador de dos sucesiones individuales separadas puede mezclar estas dos representaciones de modo que venga a ser el representante de la sociedad conyugal como alega el apelante. En el análisis final él es siempre el re-

presentante individual de la sucesión en particular y en cada caso su acción es para beneficio de la sucesión individual.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.